THOMPSON, J.,
Tionne V. Williams appeals his judgment and sentence for possession of a firearm by a convicted felon.[1] He argues the trial court erred when it allowed the state to strike the only black male juror on the panel. We affirm.
During voir dire, the state asked questions concerning the venire members’ ability to be fair and to put aside any potential bias. Two venire members gave equivocal answers: one was a white female and the other a black male. Once voir dire was completed, the state exercised peremptory challenges as to both members. The defense objected arguing that the challenge as to the black male was based upon race. See Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The court then required the state to articulate the reason for striking the black male. The following colloquy occurred:
[The Court]: Tell me your reasons for striking Mr. Matthews.
[Prosecutor:] Judge, my reason for striking him is that in response to my question whether or not he would be able to put aside any bias or sympathy, he was equivocal.
He said initially, although he did change it later, he said initially that he was uncomfortable being put in the position of having to put aside his prior bias and prejudice.
First he said he was uncomfortable, then he said he was comfortable with it. Because of his equivocation on that matter and because of his statement that he is *344 uncomfortable about having to put aside his bias, prejudice, and sympathy, we would strike him for that reason.
I would note -
[The Court:] And I find that reason to be non-pretextural [sic], although I may not necessarily agree with it myself. And Mr. Leone [defense counsel] has indicated he certainly does not agree with it.
In Melbourne v. State, 679 So.2d 759 (Fla.1996), the Florida Supreme Court established a three-step procedure that must be followed when an objection is made to an opponent’s use of peremptory challenges on racial grounds. Id. at 764. Here, the trial court followed the procedure and accepted the state’s reason as race-neutral. The trial court heard reasons, and, after evaluating the credibility of the statement, overruled the objection. We do not find the ruling clearly erroneous. See id. at 765. Once an inquiry was made of the state, the trial court was in the best position to evaluate the neutrality of the state’s reason, and the trial court’s decision will be afforded deference on appeal. Hall v. Daee, 602 So.2d 512, 516 (Fla.1992) (citing Reed v. State, 560 So.2d 203, 206 (Fla.), cert. denied, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990)).
AFFIRMED.
GRIFFIN, C.J., and PETERSON, J., concur.

. § 790.23(3), Fla. Stat. (1997).